## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **v.**                                **Criminal Action No. 2:13cr44**
**TIMOTHY ALLEN HAWKS,**

        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY and GRANTING DETENTION

This matter is before the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Timothy Allen Hawks, in person and by counsel, Charles Berry, appeared before me on December 16, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Three of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court determined Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the same to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea. Defendant signed a written waiver and consent to the

same effect. Upon consideration of the sworn testimony of Defendant, the Court finds Defendant has freely, knowingly, and voluntarily, orally and in writing, waived his right to have an Article III judge hear and accept the entry of his guilty plea and consented to the undersigned Magistrate Judge hearing and accepting his plea.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement , and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging him with possession of materials used in the manufacture of methamphetamine. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him.

The Court inquired and Defendant advised that he is a United States citizen. The Court then advised and determined Defendant understood that if he is not a United States citizen, conviction may subject him to deportation, prohibition on entering the United States, and inability to obtain U.S. citizenship.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be

imposed; understood he would be subject to up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of his guilty plea. The Court inquired and the AUSA stated that there had been a previous offer made to Defendant, changing only the stipulation. Counsel for Defendant agreed and advised that he had reviewed and discussed both agreements with Defendant.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct:     Did you and your lawyer discuss, and did you understand from that discussion, that under 18 USC section 3742 you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals, provided that you give notice of intent to appeal within 14 days of sentencing?

Def:    Yes, your Honor.

Ct:     Did you understand that under paragraph 13 of your written plea agreement, if the district judge imposes an actual sentence which is the same as or equal to an advisory guideline sentence which has an advisory guideline sentence of 24 or lower, then you give up your right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals?

Def:    Yes, your Honor.

Ct:     Did you also discuss and do you understand from that discussion with your lawyer that under 28 United States Code Section 2255 you may collaterally attack or challenge your sentence and the manner in which that sentence was determined?

Def:    Yes, your Honor.

Ct:     Did you understand that by signing your written plea agreement with paragraph 14 in it, you give up your right to challenge the sentence that is imposed and the manner in which that sentence was determined by filing a motion under 28 USC 2255?

Def:    Yes, your Honor.

Ct;     And you intended to give up that right as set forth in paragraph 14?

Def:    Yes, your Honor.

Ct:     And you and Mr. Berry went over paragraph 13 and paragraph 14 and you asked questions of

        him and he answered those questions before you signed the agreement.  Is that correct?

Def:    Yes, your Honor.

From the foregoing colloquy the undersigned determined that  Defendant understood his appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that  Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the  Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the  pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Three of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation  contained within the plea agreement or pre-sentence report.  The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulations contained in the written agreement. The undersigned Magistrate Judge further advised  Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations  contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea.

Defendant acknowledged his understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that the parties stipulated that Defendant's case involved the "shake and bake" method of manufacturing methamphetamine and that this method is highly dangerous. The parties do not agree, however, whether the facts of this case are extraordinary enough to trigger the application of the "risk" enhancement in Guideline 2D1.1(b)(13), and that decision will be left to the District Judge, without a jury.

Defendant also understood that, although he was pleading guilty to one count in the Indictment, any other counts would not be dismissed at this time. The United States would move to dismiss the remaining counts (if any) in the Indictment against him at sentencing.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea.

Finally, Defendant understood that even if his counsel had shown him the guideline chart and estimated a term or range of imprisonment, he could not take that estimate as a guarantee or promise that the district judge would impose that term or range of imprisonment, and that, if sentenced to a higher term or range of imprisonment, he would not be permitted to withdraw his guilty plea.

Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court advised Defendant and determined Defendant understood that if he pled guilty to the offense and the undersigned accepted that plea, he would be "found guilty" of the felony offense charge in Count Three of the Indictment.

Thereupon, Defendant, Timothy Allen Hawks, with the consent of his counsel, Charles Berry, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment.

The Court would generally hear the testimony of a Government witness at this point in the hearing in order to provide an independent basis in fact to support the guilty plea. In this case, however, the parties had agreed to a proffer by the AUSA in place of live witness testimony. The AUSA then proffered that on April 30, 2013, police searched the home of Defendant and his mother, co-defendant Elizabeth Sampsell. Defendant, as well as the other three co-defendants, was seen exiting a bedroom where the materials listed in Count Three were located. The police obtained statements from all four defendants in this case. Defendant stated: "Today I was in my mom's bedroom making a bottle of methamphetamine."

Defendant stated he heard, understood and agreed with the Government's proffer. Based on the proffer along with the parties' stipulation of facts as contained in the written plea agreement, the

undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Three of the Indictment is supported by a basis in fact outside the plea itself.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant was aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Three of the Indictment; and Defendant's plea is independently supported by the Government's proffer along with the parties' stipulation of facts, which together provide, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Three of the Indictment. Defendant is accordingly **FOUND GUILTY** of the felony offense of possession of materials used in the manufacture of methamphetamine.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The Court inquired, and the AUSA advised it was seeking mandatory detention in this case under 18 U.S.C. Section 3143(a). The government stated its reasons as including the defendant's criminal history which states that in June 2012, he was arrested for operating a clandestine drug lab. Also in 2012, he was arrested for having approximately 70 grams of marijuana, which was pled down to less than 15 grams in state court. Further, while on bond in this case, as the Court is aware, a Petition was

filed which states that Defendant admitted to two misdemeanor hunting charges. Significantly he was, at the time, with a convicted felon who was in possession of a firearm. He also violated his own conditions by having his own firearm that day. Even though it was a muzzle loader, it is a dangerous weapon.

Defendant does not dispute that his uncle and he were out hunting, but explained that they were doing so for food, out of necessity. Counsel argued that Defendant has not violated any of his conditions except for the hunting incident. He did try to contact his probation officer but could not reach him. Finally, counsel argued Defendant is not a risk of flight or danger to the community.

Pursuant to section 3143(a)(2), the undersigned finds Defendant has been found guilty of an offense in a case described in subsection (f)(1) of section 3142 and is awaiting imposition of a sentence. Further, there is no substantial likelihood a motion for acquittal or new trial will be granted, and the United States does recommend a sentence of incarceration. Mandatory detention is therefore required. The United States' motion to detain is therefore **GRANTED**. Defendant is remanded to the custody of the United States Marshal pending further proceedings.

The Petition for Action on Conditions of Pretrial Release filed December 3, 2013 [DE 40] is rendered **MOOT** by this Order.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 17, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE